%AO 247 (02/08) Order Regarding Motion for Sentence Reduction    CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
MAY 1 2 2008
JOHN F. CORCORAN, CLERK
BY: /s/ Bright
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the

__Western__ District of __Virginia__

United States of America )
v. )
) Case No: 7:07CR00016-001
Curtis R. Hilton ) USM No: 13047-084
Date of Previous Judgment: August 20, 2007 ) Jonathan S. Kurtin
(Use Date of Last Amended Judgment if Applicable) ) Defendant's Attorney

## Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion is:
  ☒ **DENIED.**  ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of _____ months **is reduced to** _____.

### I. COURT DETERMINATION OF GUIDELINE RANGE (Prior to Any Departures)
Previous Offense Level: _____     Amended Offense Level: _____
Criminal History Category: _____     Criminal History Category: _____
Previous Guideline Range: _____ to _____ months     Amended Guideline Range: _____ to _____ months

### II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE
☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ Other (explain):

### III. ADDITIONAL COMMENTS
Under 18 U.S.C. § 3582(c)(2), a defendant whose sentencing range was reduced by amendment to the sentencing guidelines may be eligible for a sentence reduction. Because the defendant was classified as a career offender based on his prior convictions, his base offense level was determined under U.S.S.G. § 4B1.1 and the statutory maximum for his offenses, not on the amount of crack cocaine involved in the offense. Thus, the 2007 amendments to the crack cocaine sentencing guidelines do not reduce the defendant's sentencing range, and he is not eligible for a sentence reduction under § 3582(c)(2).

Except as provided above, all provisions of the judgment dated __08/20/2007__ shall remain in effect.

**IT IS SO ORDERED.**

Order Date: May 12, 2008

_/s/ James C. Turk_
Judge's signature

Effective Date: _____
(if different from order date)

James C. Turk, Senior United States District Judge
Printed name and title